UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIAM KERRY** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **THE NEW ORLEANS PUBLIC BELT** | * | **MAGISTRATE:** |
| **RAILROAD COMMISSION, D/B/A** | * | |
| **NEW ORLEANS PUBLIC BELT** | * | |
| **RAILROAD COMPANY** | * | **TRIAL BY JURY** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, William Kerry, a person of full age and majority residing and domiciled in the Parish of Jefferson, State of Louisiana, and respectfully avers the following:

1. This Honorable Court has jurisdiction by virtue of 28 U.S.C. § 1337, 28 U.S.C. § 1331, and 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish were the cause of action(s) arose and/or accrued, and Defendant, New Orleans Public Belt Railroad [hereinafter "NOPB"], at all times mentioned herein was doing business in the Parish of Orleans as a common carrier in interstate commerce.

3. This is an action(s) arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as FELA to recover damages for personal injuries sustained by the Plaintiff on or about June 4, 2010 while employed in NOPB's Transportation Department as a locomotive engineer and while engaged in interstate commerce.

4.     Defendant, City of New Orleans, by and through the Public Belt Railroad Commission of the City of New Orleans, is a political subdivision of the City of New Orleans, with its principal business establishment in the Parish of Orleans, does business as New Orleans Public Belt Railroad and as such engages in interstate commerce as a common carrier by railroad.

5.     Defendant, NOPB, is liable unto Plaintiff, William Kerry, for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that NOPB committed on June 4, 2010, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.     On or about June 4, 2010, while performing a railroad switching/shoving operation in the course and scope of his employment, William Kerry, was injured by the reckless, negligent, and/or careless actions of the Defendant, through its employees, in failing to properly and safely protect the end of the train's movement causing a collision between the train Plaintiff was operating and two parked locomotive engines.  As a result of the ensuing collision, Plaintiff sustained serious injuries to his cervical and lumbar spine.

7.     Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA) on June 4, 2010, Plaintiff sustained severe injuries that have caused him significant pain, suffering, lost wages, unpaid medical expenses, for which he demands full recovery.

8.     Plaintiff further avers that Defendant, through its employees, agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or

contributing to the aforementioned injuries, in whole or in part; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

   A. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

   B. In that NOPB, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

   C. In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

   D. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with sufficient and proper assistance.

   E. In that NOPB, violated federal railroad safety regulations enacted for the safety of its employees, which renders NOPB strictly liable under the provisions of FELA and U.S. Supreme Court precedent.

   F. In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

   G. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

9. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

   A. Physical Pain and Suffering, Past and Future;
   B. Loss of Enjoyment of Life;

    C. Past Lost Wages;

    D. Unpaid Past Medical Expenses;

    E. Future Lost Wages, *if incurred*.

10.   Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

11.   Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, William Kerry, prays that Defendant, New Orleans Public Belt Railroad, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, William Kerry, and against Defendant, New Orleans Public Belt Railroad, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

    Respectfully Submitted,

    **DAVIS, SAUNDERS & MILLER, PLC**

    */s/ Joseph M. Miller*

BY: _____

    **JOSEPH M. MILLER #30636**
    **BENJAMIN B. SAUNDERS #11733**
    **CARISA GERMAN-ODEN #31463**
    400 Mariners Plaza Drive, Suite 401
    Mandeville, Louisiana 70448
    Telephone: (985) 612-3070
    jmiller@davissaunders.com
    **Attorneys for William Kerry**